IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## ROGER L. HICKMAN VS. STATE OF TENNESSEE

**Appeal from the Circuit Court for Knox County**
**No. 76276    Ray L. Jenkins, Judge**

_____

**No. E2003-00567-CCA-R3-PC**
**January 28, 2004**
_____

The Defendant, Roger L. Hickman, appeals from the trial court's dismissal of his petition for post-conviction relief, in which he alleged that, in 1986, he entered a guilty plea to a misdemeanor without the assistance of counsel and without waiving his right to counsel. We affirm the dismissal of the Defendant's post-conviction petition because it was time-barred. Furthermore, we conclude that the Defendant is not entitled to habeas corpus relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. JAMES CURWOOD WITT, JR., J., concurred in result only.

Doug Trant, Knoxville, Tennessee, for the appellant, Roger L. Hickman.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee

**OPINION**

In 1986, in Knox County General Sessions Court, the Defendant was convicted, upon his plea of guilty, of possession of marijuana. He received a ten-day suspended sentence. The judgment form does not indicate whether the Defendant was represented by counsel, and no signature appears in the space indicated for "Waiver of Attorney." On December 30, 2002, the Defendant filed a petition for post-conviction relief in which he alleged that his conviction was void because he did not have an attorney to represent him, nor did he waive his right to counsel. The trial court dismissed the Defendant's petition on the grounds that it was barred by the one-year statute of limitations. This appeal followed.

First, we must determine whether the Defendant's petition for post-conviction relief is barred by the statute of limitations. A petition for post-conviction relief must be filed within one year of

the date on which the judgment became final, if no appeal is taken. See Tenn. Code Ann. § 40-30-102(a). The Defendant contends that he should be excused from complying with the statute of limitations because the United States Supreme Court promulgated a new rule of law in Alabama v. Shelton that is deserving of retroactive application.

In Alabama v. Shelton, 535 U.S. 654, 658, 122 S. Ct. 1764, 1767, 152 L. Ed. 2d 888, 895 (2002), the Supreme Court held that the defendant's suspended sentence, which could result in the defendant actually being deprived of liberty, could not be imposed unless the defendant was accorded the assistance of counsel. Consequently, the Court expanded the holding of its prior decision, Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), in which it stated that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37.

As set forth in Meadows v. State, 849 S.W.2d 748, 751 (Tenn. 1993), "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." (Quoting Teague v. Lane, 489 U.S. 288, 301, 109 S. Ct. 1060, 1070, 103 L. Ed. 2d 334, 349 (1989)). We do not believe that the Supreme Court announced a new rule of law in Shelton. In deciding that a suspended sentence, which may eventually result in an actual deprivation of liberty, may not be imposed unless the defendant was afforded counsel, the Court reasoned that "[a] suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense." Shelton, 535 U.S. at 662. Therefore, the Court has taken the holding of Argersinger, that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial," and expanded the meaning of the term "imprisoned" to include a probated sentence. See id.; Argersinger, 407 U.S. at 37. This does not constitute a "new rule" as contemplated by Meadows.

Furthermore, the Supreme Court's holding in Shelton does not impose any new obligation on the State of Tennessee. At the time the Defendant pled guilty in 1986, Tennessee already required the appointment of counsel where a defendant "may be subjected to a loss of liberty." State v. Tyson, 603 S.W.2d 748, 752 (Tenn. Crim. App. 1980). Because no new rule of law has been promulgated that deserves retroactive application, the Defendant's argument that he should be excused from complying with the statute of limitations is without merit. The trial court did not err by dismissing the Defendant's petition for post-conviction relief.

In addition, a panel of this Court has previously ruled that the Defendant is not entitled to habeas corpus relief. In Roger L. Hickman v. State, No. E2002-01916-CCA-R3-PC, 2003 WL 22970966, at *3 (Tenn. Crim. App., Knoxville, Dec. 18, 2003), the majority held that "[b]ecause the record establishes that the Appellant's 1986 sentence has expired and he is no longer in actual or constructive custody, we conclude that the Appellant is not 'imprisoned or restrained of his liberty,' as required by the habeas corpus statute. Accordingly, the issue of whether he may prosecute the writ of habeas corpus is moot." Id. We agree with the majority in Hickman that the Defendant is

not "imprisoned or restrained of liberty" as required by Tennessee Code Annotated section 29-21-101; therefore he may not prosecute a writ of habeas corpus seeking relief from his 1986 misdemeanor conviction.

The Defendant's petition gains him relief neither as a petition for post-conviction relief nor as a petition for writ of habeas corpus. Therefore, the trial court did not err in dismissing the petition. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE